_____  )
                                     )
JASON HEARN,                         )
                                     )
        Plaintiff,                   )
                                     )
    vs.                              )
                                     )
J. L. HENDRICK MANAGEMENT            )
CORPORATION; J. L. HENDRICK          )
MANAGEMENT CORPORATION GROUP         )
HEALTH BENEFIT PLAN; CIGNA           )
HEALTHCARE, INC.; CIGNA              )
HEALTHCARE OF NORTH CAROLINA,        )
INC., and TRUSTMARK                  )
HEALTH BENEFITS, INC.,               )
                                     )
        Defendants.                  )
_____  )

**COMPLAINT**

PRELIMINARY STATEMENT[1]

Jason Hearn ("Plaintiff") brings this ERISA action against J. L. Hendrick Management Corporation. ("Hendrick"), the J. L. Hendrick Management Corporation Group Health Benefit Plan ("Plan"), Cigna Healthcare, Inc. ("Cigna"), Cigna Healthcare of North Carolina, Inc. ("Cigna NC"), and Trustmark Health Benefits, Inc. ("Trustmark"), to secure health benefits to which he is entitled under the terms of the Plan for medical expenses incurred; to clarify his rights under the Plan; on account of breaches of fiduciary duties; for other appropriate equitable

_____

[1]This Preliminary Statement gives a synopsis of Plaintiff's claims and is not intended as an allegation to be answered by Defendants.

relief; and for attorneys' fees. Plaintiff was a participant in the Plan by virtue of his employment with Hendrick, the sponsor of the Plan.

## PARTIES

1. Plaintiff is a citizen and resident of Mecklenburg County, North Carolina.

2. Defendant Hendrick is a properly organized business entity doing business in the state of North Carolina.

3. The Plan is an employee welfare benefit plan organized and subject to the Employee Retirement Income Security Act ("ERISA"), ERISA, 29 U.S.C. Section 1001, *et. seq.* and the regulations promulgated thereunder. At all times pertinent to this action, Hendrick sponsored and maintained the Plan. Hendrick is the plan administrator for the Plan under ERISA because it is named as the plan administrator in the Plan or, alternatively, it is the employer sponsoring the Plan and therefore is the default plan administrator under ERISA § 3(16), 29 U.S.C. § 1002(16).

4. Defendant Cigna is a properly organized business entity doing business in the State of North Carolina.

5. Defendant Cigna NC is a properly organized business entity doing business in North Carolina.

6. Defendant Trustmark is a properly organized business entity doing business in the State of North Carolina.

## JURISDICTION AND VENUE

7. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under ERISA, as allowed by ERISA § 502, 29 U.S.C. § 1132; on account of

breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, through ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2); for injunctive and other appropriate equitable relief under ERISA § 502(a)(3), 29 U.S.C.§ 1132(a)(3); and for attorneys' fees and costs.

8. Venue in the Western District of North Carolina is appropriate by virtue of the administration of the Plan in this District, denial of benefits to Plaintiff in this District, and Defendants doing business and being found in this District.

FACTUAL ALLEGATIONS

9. At all times relevant to this action, Plaintiff was a covered beneficiary under the Plan by virtue of his employment with Hendrick.

10. The Plan is a group health insurance plan proving health insurance to employees of Hendrick and offers medical benefits, including coverage for surgery services.

11. Upon information and belief, under the terms of the Plan, Defendant Hendrick is listed as the Plan Sponsor and the Plan Administrator for the Plan.

12. Upon information and belief, Defendants Cigna and Defendant Cigna NC (collectively, the "Cigna Defendants") provided an insurance policy (the "Policy") to the Plan, which provided the health insurance benefits under the Plan. The Policy is a Plan asset under ERISA.

13. Upon information and belief, Defendant Trustmark was the third-party administrator for the Plan.

14. Plaintiff is a 45-year-old man who worked for Hendrick as a Service Technician from in or about 2012 until on or about September 11, 2020.

15. In or about January 2020, Plaintiff had to go out of work after he injured his back on the job. Plaintiff went out of work pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601 *et. seq*.

16. As a result of his injury, Plaintiff was scheduled to undergo back surgery in or about April, 2020.

17. Due to the COVID-19 pandemic and related business shutdowns, Plaintiff's back surgery was postponed.

18. Plaintiff's back surgery was rescheduled for June 8, 2020.

19. Tom Fulp was the head of human resources for Hendrick.

20. Defendant Hendrick is a fiduciary as defined in ERISA §3(21), 29 U.S.C. §1002(21)(A), because Hendrick has discretionary authority or discretionary responsibility in the administration of the Plan, including but not limited to making benefits determinations under the Plan.

21. As the Plan Administrator, Hendrick is a fiduciary as defined in ERISA § 3(21), 29 U.S.C. § 1002(21)(A), and is obligated to, and responsible for, disseminating information regarding the Plan and the benefits under the Plan to the Plan participants.

22. Hendrick, as Plan Administrator, provided human resource employees, including Mr. Fulp, actual and apparent authority to inform Plan participants about the terms and conditions of the Plan by establishing those employees as the human resource employees who would inform Plan participants about their employee benefits and actually did so.

23. At all times relevant hereto, Mr. Fulp acted as an employee of Hendrick and was acting and speaking on behalf of Hendrick. In disseminating information about Plaintiff's healthcare coverage to Plaintiff (or failing to provide information about Plaintiff's healthcare

coverage in response to Plaintiff's inquiry), Mr. Fulp, acting on behalf of Hendrick, acted as a fiduciary.

24. Plaintiff talked to Mr. Fulp by telephone approximately 2 weeks before his June 8, 2020 surgery. Plaintiff asked Mr. Fulp whether it was okay to have the surgery under the Plan. Mr. Fulp told Plaintiff the surgery would be covered. During the conversation, Mr. Fulp said nothing about Plaintiff being terminated or that Plaintiff did not have health insurance under the Plan.

25. On information and belief, Plaintiff's medical providers confirmed with the Cigna Defendants that Plaintiff was covered by health insurance under the Plan prior to performing Plaintiff's surgery on June 8, 2020.

26. On or about June 8, 2020, Plaintiff finally underwent his scheduled back surgery, for which he incurred medical expenses.

27. Plaintiff relied on the confirmation of insurance coverage provided to his medical providers by the Cigna Defendants, which did not indicate that he was no longer a participant in the Plan or had been terminated from employment.

28. Plaintiff's reliance on the confirmation of insurance coverage provided by the Cigna Defendants was reasonable because the Cigna Defendants, providing the Policy under the Plan, would have knowledge concerning Plaintiff's participant status with the Plan.

29. In addition, Plaintiff relied on the statements of Mr. Fulp that Plaintiff's surgery was covered by the Plan. Plaintiff also relied on the lack of any indication by Mr. Fulp that Plaintiff was not a participant in the Plan or had been terminated at the time of his surgery.

30. Plaintiff's reliance on the statements of Mt. Fulp regarding the benefits was reasonable because Hendrick gave Mr. Fulp actual and apparent authority to disseminate information and provide employees assistance regarding their benefits, including Plan benefits.

31. Because of the information provided by the Cigna Defendants and Mr. Fulp, Plaintiff decided to proceed with the June 8, 2020 surgery.

32. The Cigna Defendants, the Plan, and Trustmark authorized and paid the medical bills submitted by Plaintiff's medical providers for his June 8, 2020 surgery. Plaintiff had met all his deductibles under the Plan for 2020.

33. Approximately two weeks after Plaintiff's surgery, Mr. Fulp called Plaintiff to check in with him about how his surgery went. Mr. Fulp did not tell Plaintiff that he was terminated or that there was an adverse issue with respect to Plan coverage of Plaintiff's June 8, 2020 surgery.

34. At the end of June 2020, Mr. Fulp again called to check in on Plaintiff and his surgery and recovery. Mr. Fulp did not tell Plaintiff that he was terminated or that there was an adverse issue with respect to Plan coverage of Plaintiff's June 8, 2020 surgery.

35. Other than the two phone calls detailed in the preceding two paragraphs, Plaintiff did not receive any additional communication from Mr. Fulp or anyone else at Hendrick or the other Defendants from June 8, 2020 until September 11, 2020.

36. On September 11, 2020, for the first time, Mr. Fulp called Plaintiff and told Plaintiff that Hendrick was terminating him. Mr. Fulp did not provide Plaintiff any reason for his termination.

37. After being informed by Mr. Fulp about his termination on September 11, 2020, Plaintiff subsequently and unexpectedly received a bill for approximately $73,529.83 for the costs of his June 8, 2020 surgery.

38. Plaintiff called and inquired of Trustmark about why he received the medical bill. Trustmark told Plaintiff that Hendrick had sent Trustmark a statement on or around August 5, 2020 that Hendrick was retroactively cancelling Plaintiff's health insurance as of May 2020. As a result, the Cigna Defendants retroactively recouped their payments of Plaintiff's June 8, 2020 surgery to Plaintiff's medical providers, thereby leaving Plaintiff with the $73,529.83 bill for the surgery.

39. Hendrick did not terminate Plaintiff's employment until on or about September 11, 2020. Plaintiff was covered by the Plan as a participant until at least his termination of employment. Hendrick did not inform Plaintiff that it had terminated his healthcare benefits under the Plan at any point prior to the termination of his employment.

40. During the time Plaintiff was employed by Hendrick and he was covered by the Plan, he incurred medical expenses that should have been paid by the Plan.

41. None of Defendants provided Plaintiff any notice (including written notice) of the denial of his claim for benefits under the Plan.

42. ERISA's claims regulations provide that where a plan fails to establish or follow required claims procedures, including providing a participant a detailed notice of the denial of his claim for benefits, a participant is deemed to have exhausted the administrative remedies available under the plan and is entitled to pursue all available remedies under ERISA.

43. Because none of Defendants provided Plaintiff any notice (including written notice) of the denial of his claim for benefits under the Plan, Plaintiff is deemed to have exhausted any required administrative procedures prior to bringing this action.

44. Plaintiff pursued his administrative remedies set forth in the Plan. Plaintiff now has exhausted his administrative remedies, and his claim is ripe for judicial review pursuant to ERISA § 502, 29 U.S.C. § 1132. In the alternative, any request or further request for administrative review by Plaintiff would be futile.

45. Defendants have wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

    a. Plaintiff has been wrongfully denied health insurance benefits;

    b. Hendrick, the Cigna Defendants, and Trustmark have failed to accord proper weight to the evidence in the administrative record; and

    c. The Plan has violated its contractual obligation to furnish health insurance benefits to Plaintiff.

46. Plaintiff has suffered a loss in that he did not receive benefits for his June 8, 2020 surgery and the medical providers are seeking payment from Plaintiff for his June 8, 2020 surgery.

### FIRST CLAIM FOR RELIEF:
### WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 USC § 1132

47. Plaintiff reincorporates and realleges the allegations in the paragraphs above as if fully set forth herein.

48. Defendants Hendrick, Cigna, Cigna NC, and Trustmark owed Plaintiff, as a participant in the Plan, a fiduciary duty to make eligibility and benefits determinations in a fair and consistent manner and solely in the interests of Plaintiff and other Plan participants.

Defendants failed to do so by retroactively cancelling Plaintiff's health insurance coverage under the Plan and denying his claim for benefits.

49. Plaintiff is entitled to health insurance coverage for his June 8, 2020 surgery.

50. Defendants have wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

    a. Plaintiff has been wrongfully denied health insurance benefits;

    b. Hendrick, the Cigna Defendants, and Trustmark failed to accord proper weight to the evidence in the administrative record; and

    c. The Plan has violated its contractual obligation to furnish health insurance benefits to Plaintiff.

SECOND CLAIM FOR RELIEF:
BREACH OF FIDUCIARY DUTY
UNDER ERISA, 29 U.S.C. §§ 1104, 1109 AND 1132

51. Plaintiff reincorporates and realleges the allegations in the paragraphs above as if fully set forth herein.

52. Hendrick is a fiduciary as defined in ERISA § 3(21), 29 U.S.C. § 1002(21), because Hendrick has discretionary authority or discretionary responsibility in the administration of the Plan.

53. As the Plan administrator, Hendrick is obligated to, and responsible for, disseminating information regarding the Plan and the benefits under the Plan to the Plan participants.

54. Hendrick breached its fiduciary duties by failing to monitor the distribution of information regarding Plan benefits by employees performing Hendrick's duties as Plan Administrator to provide accurate and complete information to Plan participants.

55. Hendrick also breached its fiduciary duties by allowing the Cigna Defendants to handle plan assets for their own benefit through the Cigna Defendant's retroactive cancellation of Plaintiff's insurance benefits and recoupment of the benefits paid on Plaintiff's behalf under the Policy, which is an asset of the Plan.

56. The Cigna Defendants and Trustmark breached their fiduciary duties by failing to administer the Plan according to its terms.

57. The Cigna Defendants further breached their fiduciary duties by handling plan assets for their own benefit, including through retroactive cancellation of Plaintiff's insurance benefits and recoupment of the benefits paid on Plaintiff's behalf under the Policy, which is an asset of the Plan, thereby saving themselves from having to pay Plaintiff's claims.

58. The Plan has been harmed as a result of Defendants' breaches of fiduciary duties alleged herein because the Plan is and has not been enforced according to its terms, thereby depriving the Plan and all participants and beneficiaries of Plan benefits. The Plan has further been harmed because the Cigna Defendants have used Plan assets for their own benefit and Hendrick allowed such use.

59. The Plan is entitled to equitable and remedial relief requiring that Hendrick:

    a. monitor distribution of information regarding Plan benefits by individuals with actual and apparent authority to provide such information, including providing training to such individuals regarding Plan benefits and procedures;

    b. provide accurate and truthful information to Plan participants regarding applicable surgical benefits;

    c. otherwise comply with all requirements under ERISA §1 et seq., 29 U.S.C. §§ 1001 et seq., with respect to disclosures to Plan participants and beneficiaries;

d. pay to the Plan the amount necessary to fund Plaintiff's Plan benefit under the Plan;

e. preserve and protect Plan assets, including but not limited to the Policy;

f. enforce the Plan according to its Plan terms existing at the time of Plaintiff's surgery;

g. refuse to allow improper use or handling of Plan assets, including the Policy and its proceeds; and

h. monitor claims fiduciaries to ensure their compliance with Plan terms and ERISA.

60. The Plan is entitled to equitable and remedial relief requiring that Trustmark and the Cigna Defendants:

a. enforce the Plan according to its Plan terms; and

b. cease dealing with Plan assets for their own benefit.

## THIRD CLAIM FOR RELIEF: OTHER APPROPRIATE EQUITABLE RELIEF, 29 U.S.C. § 1132

61. Plaintiff reincorporates and realleges the allegations in the paragraphs above as if fully set forth herein.

62. Pursuant to Federal Rule of Civil Procedure 8, Plaintiff pleads this claim for relief in the alternative to his first claim for relief.

63. As plan administrator of the Plan, Hendrick is a fiduciary as defined in ERISA § 3(21), 29 U.S.C. § 1002(21), because Hendrick has discretionary authority or discretionary responsibility in the administration of the Plan.

64. Hendrick breached its fiduciary duties by failing to monitor the distribution of information regarding Plan benefits by employees performing Hendrick's duties as Plan Administrator to provide accurate and complete information to Plan participants.

65. Defendants Hendrick and Cigna Defendants also breached their fiduciary duties by failing to provide accurate and truthful information to Plaintiff regarding his coverage and entitlement to benefits under the Plan.

66. Plaintiff reasonably relied on the information (or lack of information) provided him by Defendants Hendrick and Cigna Defendants and their employees regarding the coverage of his surgical procedure, and such reliance was to his detriment, in that Plaintiff had the surgical procedure.

67. Plaintiff was prejudiced by the information (or lack of information) provided him by Hendrick and the Cigna Defendants and their employees regarding the coverage of his surgical procedure, in that Plaintiff had the surgery and incurred medical expenses he would not have incurred if there were not applicable insurance coverage.

68. Plaintiff has been further prejudiced and harmed by Hendrick's, the Cigna Defendants', and Trustmark's alleged retroactive cancellation of Plaintiff's Plan benefits, which deprived Plaintiff of the benefits of the Plan, in violation of Plan terms and ERISA.

69. Plaintiff has suffered harm by the conduct of Defendants as alleged herein in that he is not receiving the full value of the healthcare benefits under the Plan, as the Plan terms existed at the time of Plaintiff's surgery.

70. Plaintiff is entitled to equitable relief:
   a. imposing an equitable lien on the Plan benefits that have been withheld from Plaintiff;
   b. imposing a constructive trust on the Plan benefits that have been withheld from Plaintiff;
   c. enjoining Hendrick, the Cigna Defendants, and Trustmark from retroactively

cancelling and reducing Plaintiff's benefits under the Plan;

d. imposing a surcharge upon Hendrick, the Cigna Defendants, and Trustmark requiring that they pay to Plaintiff the money withheld for his benefits;

e. equitably estopping Hendrick, the Cigna Defendants, and Trustmark from denying Plaintiff his full benefits under the Plan, as represented to him by Hendrick and the Cigna Defendants;

f. granting Plaintiff restitution for the amount of benefits that Hendrick, the Cigna Defendants, and Trustmark have wrongfully withheld from Plaintiff by retroactively cancelling his Plan benefits;

g. enjoining Hendrick, the Cigna Defendants, and Trustmark from retroactively cancelling Plaintiff's benefits under the Plan;

h. reforming the Plan to comply with the representations made by the Cigna Defendants and Hendrick, and their respective employees, to Plaintiff regarding the Plan and the benefits Plaintiff was to receive under the Plan;

i. ordering that Plaintiff is entitled to benefits under the Plan for his June 8, 2020 surgery; and

j. Other appropriate declaratory, injunctive, and equitable relief.

### FOURTH CLAIM FOR RELIEF: ATTORNEY'S FEES UNDER ERISA § 502, 29 USC § 1132

71. Plaintiff reincorporates and realleges the allegations in the paragraphs above as if fully set forth herein.

72. Plaintiff is entitled to his attorney's fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiff prays that the Court:

1. Grant Plaintiff declaratory and injunctive relief, finding that he is entitled to health insurance benefits under the terms of the Plan, and that Defendants be ordered to pay health insurance benefits according to the terms of the Plan;

2. Grant the Plan, pursuant to ERISA §§ 409 and 502(a)(2), ERISA §§ 1109 and 1132(a)(2), equitable and remedial relief requiring that Hendrick:

   a. monitor distribution of information regarding Plan benefits by individuals with actual and apparent authority to provide such information, including providing training to such individuals regarding Plan benefits and procedures;

   b. provide accurate and truthful information to Plan participants regarding applicable surgical benefits;

   c. otherwise comply with all requirements under ERISA §1 et seq., 29 U.S.C. §§ 1001 et seq., with respect to disclosures to Plan participants and beneficiaries;

   d. pay to the Plan the amount necessary to fund Plaintiff's Plan benefit under the Plan;

   e. preserve and protect Plan assets, including but not limited to the Policy;

   f. enforce the Plan according to its Plan terms existing at the time of Plaintiff's surgery;

   g. refuse to allow improper use or handling of Plan assets, including the Policy and its proceeds; and

   h. monitor claims fiduciaries to ensure their compliance with Plan terms and ERISA.

3. Grant the Plan, pursuant to ERISA §§ 409 and 502(a)(2), ERISA §§ 1109 and 1132(a)(2), equitable and remedial relief requiring that Trustmark and the Cigna Defendants:

a. enforce the Plan according to its Plan terms; and

   b. cease dealing with Plan assets for their own benefit.

4. Grant Plaintiff, pursuant to ERISA §502(a)(3) equitable and remedial relief:

   a. imposing an equitable lien on the Plan benefits that have been withheld from Plaintiff;

   b. imposing a constructive trust on the Plan benefits that have been withheld from Plaintiff;

   c. enjoining Hendrick, the Cigna Defendants, and Trustmark from retroactively cancelling and reducing Plaintiff's benefits under the Plan;

   d. imposing a surcharge upon Hendrick, the Cigna Defendants, and Trustmark requiring that they pay to Plaintiff the money withheld for his benefits;

   e. equitably estopping Hendrick, the Cigna Defendants, and Trustmark from denying Plaintiff his full benefits under the Plan, as represented to him by Hendrick and the Cigna Defendants;

   f. granting Plaintiff restitution for the amount of benefits that Hendrick, the Cigna Defendants, and Trustmark have wrongfully withheld from Plaintiff by retroactively cancelling his Plan benefits;

   g. enjoining Hendrick, the Cigna Defendants, and Trustmark from retroactively cancelling Plaintiff's benefits under the Plan;

   h. reforming the Plan to comply with the representations made by the Cigna Defendants and Hendrick, and their respective employees, to Plaintiff regarding the Plan and the benefits Plaintiff was to receive under the Plan at the time of his June 8, 2020 surgery;

  i. ordering that Plaintiff is entitled to benefits under the Plan for his June 8, 2020 surgery; and

  j. other appropriate declaratory, injunctive, and equitable relief.

5. Award Plaintiff all reasonable attorney fees and expenses under ERISA § 502(g), 29 U.S.C. § 1132(g), incurred herein;

6. Award Plaintiff interest as provided by law, including pre-judgment and post-judgement interest; and

7. Enter an award for such other and further relief as may be just and appropriate.

Dated this 7th day of June, 2023.

             Respectfully Submitted,

             *s/ Bryan L. Tyson*
             Bryan L. Tyson (N.C. Bar. No. 32182)
             *s/ Hannah Auckland*
             Hannah Auckland (N.C. Bar. No. 35953)
             Marcellino & Tyson, PLLC
             2200 East 7th Street, Suite 100
             Charlotte, North Carolina 28204
             Telephone: 704.919.1519
             Fax: 980.219.7025
             bryan@yourncattorney.com
             hauckland@yourncattorney.com

             **Attorneys for Plaintiff Jason Hearn**